May it please the Court, Gail Ivins appearing on behalf of Defendant Appellant Sandoval-Hernandez in this matter. Your Honor, the question for the Court today, I believe in light of the Court's order regarding preparation, is did the District Court depart? Did the District Court impose a sentence considering 3553A factors? And how can this Court review what happened? This Court recently in Mix held in that case that there was no guideline calculation error because the District Court did not include a departure. The Government specifically inquired of the District Court following the below-guideline sentence in this case whether it was the result of a departure. And the District Court indicated that the record speaks for itself. But there is no indication in this District Court record as to whether the below-guideline sentence was or was not the result of a departure. There were five bases for departure raised. Three of them were raised pre the decision in Booker. The District Court then invited Defense Counsel to supplement the record and perhaps consider other bases for departure. And those bases were addressed and were then presented to the Court post-Booker, which is when the sentencing was imposed. The guideline was 77 to 96 months, and the sentence was 60. Can't we make an inference from that? Well, that's the question, I think, Your Honor. And that's a very good question. I think that under the current jurisprudence in this Court, though, the Court cannot do that. It's a two-part process. Cantrell, Manyweather, Mix, the Court's cases, a lot of that is development that's happened sort of since the briefing and since the sentencing. Specifically says now we do two different things in deciding a post-Booker sentence. The first thing we do is look at the guidelines calculation, and what is now clear is that includes a proper consideration of guideline departure authority. So it's a two-step process? And in this, yes. You know what? I just want to make sure that I understand your position. Was the District Court truly silent on the downward departure's motions? I mean, is there anything in the record that shows that the District Court considered them? There are two different sentencing procedures. One was pre-Booker. In that pre-Booker hearing, the District Court said to Defense Counsel, and I can give you the exact language in the excerpt, but something about, I don't think you make it on those two. You know, those two, although she actually had raised three. She had raised two specific and one Cook sort of combination of conditions. He said, I don't think you make it on those two, but I've done some research. Here's two better ideas for a departure. So why don't we continue the sentencing, and why don't you look at that? I don't see in the second sentencing procedure any discussion of the facts in light of the departure language that the guidelines provide. He certainly discussed facts. The District Court judge was very troubled by this case, and he certainly discussed facts that were relevant, I would submit, to any of the five or many of the five departure bases. But he did not discuss it in that way, and he specifically said, this is my guideline calculation, and did not say, and I'm going to talk about departures later, or I'm not going to talk about departures, or I don't think I have departure authority, or anything. There's nothing after that sentence. And then there is a very lengthy conversation about the very difficult and troubling facts in this particular case, and at the end, the court then imposes the sentence, and specifically says, judge, is that, did you depart? And he said, the record speaks for itself. Thank you. If the Court has no further questions, I think that that is my argument, that we have two parts, and the first part, because there's an error in the guidelines calculation, this case needs to be remanded for resentencing. Thank you, Counsel. I'd just like to ask one question. Now, after Booker, if a district court fails to address a motion for downward departures, is that reason for automatic reversal? Even if the defendant did essentially receive some downward departures pursuant to 3553 anyway? I think the question is a standard of review question, and the question is, what is this Court's role vis-à-vis both departures under the guidelines post-Booker, and evaluation and balancing the 3553A factors? And so I think that, although there is, in one case where it was dicta, a probably can't continue to be this Court's rule once we actually have a case that squarely presents the issue. Well, aside from your argument that the judge must tell us whether they're downward departing or not, the fact is, the judge doesn't need the authority anymore for downward departures under the guidelines. It's just simply a reasonable sentence under 3553. The judge does have to give a sentence that is, quote-unquote, reasonable, but less than the guideline. He doesn't need the authority in the guideline any longer. He doesn't need the authority, but he does have to do the two-part analysis. So I would suggest that when we have a case where we have facts, and I'm not saying this is the case, but generally, this case raises lots of general issues. And if the judge simply says, it doesn't say, I'm making a departure under the guidelines, rather says, I'm considering all of the factors in 3553, and I'm giving a sentence less than the guideline, that's not the equivalent? No. It's not the same thing? No, it's not, Your Honor, because- that the judge says, the magic words, as an initial matter, I'm departing under the guidelines. Now I also go on to say why I'm giving a reasonable sentence that is less than the guidelines under 3553. It has to do both. That is what is required by this Court's current case authority, I believe. Kim Bruce says that we have to do a guidelines calculation. Cantrell, Manyweather, and Mix say that includes an evaluation of departure authority. So that's one piece. So we first do that one piece, and if we have a departure issue, and let's say the Court says, you know, you've raised this basis for departure, I don't think it qualifies as an extraordinary circumstance under the guidelines. Now we move to step two, but boy, I think it certainly is a 3553A factor, and I'm going to, you know, knock down a Now the Court can review that. Let me interrupt here for a moment, since time is fleeting. What if his sentence had been 30 months? Would your answer be the same? Gave 60. What if he gave 30? I think the government would have appealed, Your Honor, and I think their answer would have been the same. Yes, I believe- What would your answer would be? I probably wouldn't have appealed, Your Honor, if it had been 30 months. No, you would have appealed, but your requirement, the automatic send-back, doesn't seem to make sense under those circumstances. Your Honor, there are in other circuits, and this Court has left the question open in Mix and in Cantrell, there is language about when would we not need to go here? You know, when would a sentence be such? And what they both all talk about is that the guidelines calculation would be so complex, or that other 3553A factors so predominate, that maybe we don't have to calculate a range. And that's in Hack, and that's in a few of the other cases cited in Cantrell and Mix. But this is not that case. This is not a complex case. There are a balancing of factors. And so I think in this case, the Court did have to go through the two-step process, calculate the guidelines, including the departure, explain what they did, so this Court can review it for reasonableness, and then do the 3553A reasonable sentence. Thank you. Thank you. May it please the Court, Stephen Archer for the United States. On that point, the government agrees that the district court was required to go through the two-step analysis, and in this case, based on a reading of the record, the district court did exactly that. This was a guideline sentence. The guidelines were not disputed, and either at the district court level or on appeal. Then the Court actually went below the guidelines, and in doing so, did it based on the 3553 factors and not based on any downward departure. And this is based on a reading of the record. There were two sentencing hearings. At the first sentencing hearing, the district court, at the excerpt of record pages 54 and 55, addressed the two departure arguments, and actually, as the defense counsel said, there was a combination of factors, so that made it the three departure arguments. And the district court found that although it had discretion, it was not going to exercise its discretion. And the district court further invited supplemental briefing at the district court's own initiative and suggestion of possible departure grounds. So in the context of the record, it's very fair to more than assume that the district court knew that if it wanted to downward depart, it so could. It suggested bases on which defense counsel should brief the issue in view of the upcoming second sentencing hearing. The defense counsel did that. The government briefed the matter further. And at the argument at the sentencing, second sentencing hearing, the downward departure issues were discussed. And then when it came time to the Court's ruling, at excerpt of record 100, the district court, in announcing the sentence, said that it considered the arguments of counsel, the parties' sentencing papers, pre-sentence report, recognized the 3553 factors, and said that it wasn't going to repeat its preliminary tentative rulings and comments and incorporated those comments as to the basis and reasons for the sentence that the Court was going to oppose. This is at page 100, starting at line 3. So in looking at the way the district court went about its methodology, I think a fair reading is that the district court calculated the guideline range, which was undisputed, considered the parties' arguments or the defense arguments for downward departures, declined to exercise its discretion, knowing that it had the discretion to downward depart, and then did do what I call a variance based on the book of variance or the 353A factors. And gave a lower sentence below the guideline range. And, again, from the reading of what the reasons were, the district court was focusing on the 3553A factors, particularly the danger to the community, the need for the public safety, the deterrence, and the medical treatment of the defendant. So, counsel, you and an opposing counsel agree about the two-step, but you're suggesting that the record will disclose that, in fact, the two-step was performed here. Do I understand your argument correctly? I do, Your Honor. Is there anything in Cantrell or Mix or any of these other cases that would give us pause at all? Is there a need to clarify what the standard is? Not in light of what to do in post-Booker on a variance. I mean, what Mix said in this case was issued last Thursday is that there doesn't have to be any rehearsal on the record of all the considerations of the 3553 factors. One of the points in defense counsel's brief was that the district court did not give proper weight to all the factors. The government's response was, well, the district court decided that some factors were more compelling than others,  I believe those recent cases, Cantrell and Mix, just discuss what needs to be said on the record so the court of appeals has a basis to view whether the district court had in mind those factors and properly applied them. But in this case, the issue appears to be whether the court downward departed under the pre-Booker standard 5, Section 5 downward departures. And I submit that a fair reading of the record shows that the district court declined to exercise this discretion and then went explicitly to the 3553 factors and actually focused on those three or four that I mentioned and decided that a lower than guideline sentence was appropriate, and I call that a Booker variance. The only other point I wanted to raise, it wasn't cited in the government's brief, but it's – but I didn't want to concede, and that's the jurisdictional argument. And because of the cases following Booker, there's been some evolving law, and I mentioned to defense counsel that I would raise this, that where there is a sentence where the guidelines are correctly computed, and in this case the government submits there is no disagreement, in fact, it was even below the guidelines, that the court does not have jurisdiction to entertain those appeals. This issue is being more fully briefed in a case of United States v. Plouffe. Roberts. Oh, yes. We're aware of Plouffe. Plouffe is, yes. And so I just wanted to point that out, that the government in this case, because it was a sentence within, even below the guideline range, does not concede jurisdiction. It's analogous to the cases where district courts refused to grant downward departures under the guidelines, and those discretionary refusals to grant downward departures were also without jurisdiction in the court of appeals. All right. Thank you, counsel. Ms. Ivins, any response? Three small points. One, we do argue that the court failed to do the departure analysis in the briefing, and so we don't agree that there's no question about what the applicable guidelines are. Number two, U.S. v. Manyweather, which I'm sure the court is familiar with, at page 701, specifically says, after Booker, the district court still is required to articulate the reasons for the extent of the departure in sufficiently specific language to allow repellent review. Now, the government now says it wasn't a departure, but that was not clear to them at the time at excerpt of record 105, Mr. Arkow asks to clarify the court's consulted the guidelines. The fact that the sentence was lower than the guideline range, is that because the court made a downward departure on any of the grounds? The court. The record is the record, and the court has applied the law. As I understand the law post Booker, and that is the sentence. This court has now significantly developed the law, and I think the judge needs another opportunity to clarify his ruling. Thank you. Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument in United States v. Hellam and Smith. Thank you.
judges: Dw Nelson, O'scannlain, Jones